UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL GLEN SZMANIA, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6228-MLP <br><br> ORDER |

### I.   INTRODUCTION AND BACKGROUND

This matter comes before the Court on several motions filed by Plaintiff Daniel Glen Szmania ("Plaintiff"), who is appearing *pro se*. Plaintiff's former counsel Freddrick Effinger filed a complaint in this matter on December 21, 2020, appealing the denial of Plaintiff's application for disability insurance benefits. (Dkt. # 1.) The Court admitted Mr. Effinger to appear *pro hac vice* on Plaintiff's behalf with Maren Bam serving as local counsel. (Dkt. # 4.) On August 4, 2021, this Court granted both Mr. Effinger and Ms. Bam's motions to withdraw as Plaintiff's counsel. (Dkt. # 22.) The Court additionally directed Plaintiff to submit any amended pleadings, or a resubmission of his opening brief, by August 20, 2021. (*Id.* at 1.)

ORDER - 1

1   However, since the withdrawal of Mr. Effinger and Ms. Bam, Plaintiff has filed multiple
2   motions, including: (1) a Motion to Disbar Attorneys from Practice before this Court ("Motion to
3   Disbar") (dkt. # 24); (2) a Motion to Strike Defendant's Responsive Brief ("Motion to Strike
4   Responsive Brief") (dkt. # 26); (3) a Motion for Parties to Supplement Complaint and Briefs and
5   Relief from Deadline ("Motion to Supplement") (dkt. # 27); and (4) a Motion to Strike
6   Defendant's Administrative Law Judge ("ALJ") Decision and Remand ("Motion to Strike ALJ's
7   Decision") (dkt. # 36) (collectively, "Plaintiff's Motions").

8   Ms. Bam filed a response to Plaintiff's Motion to Disbar (dkt. # 31) and Defendant has
9   filed a response to Plaintiff's Motion to Strike Responsive Brief (dkt. # 37). Plaintiff filed a reply
10  concerning his Motion to Strike Responsive Brief. (Dkt. # 38.)

11                        **II.     DISCUSSION**

12        **A.     Motion to Disbar**

13  On August 4, 2021, Plaintiff filed his Motion to Disbar. (Dkt. # 24.) Plaintiff's Motion to
14  Disbar requests that this Court disbar Mr. Effinger, Ms. Bam, and attorney Jessica Friedman.
15  (*See id.*) Plaintiff's Motion to Disbar additionally requests that the Court order Mr. Effinger, Ms.
16  Bam, and Ms. Friedman to surrender any working materials concerning his case prior to their
17  termination and to render any time worked on Plaintiff's case to be ruled as pro bono work. (*Id*.
18  at 11-12.) In his Motion to Disbar, Plaintiff cites to Local Civil Rule 83.3(c)(1) and to the
19  Washington Rules of Professional Conduct for this Court's ability to disbar his former counsel.
20  (*Id.* at 6.) In her response to Plaintiff's Motion to Disbar, Ms. Bam indicates Plaintiff fails to
21  allege any facts that support a violation of this Court's Local Rules or the Washington Rules of
22  Professional Conduct in her role as local counsel. (Dkt. # 31.)
23

ORDER - 2

Despite Plaintiff's cited authority, this Court does not have jurisdiction to disbar attorneys licensed to practice in the State of Washington. Instead, the Washington Supreme Court enjoys the inherent power to "admit, enroll, disbar and discipline" members of the Washington state bar. *Short v. Demopolis,* 103 Wash.2d 52, 62 (1984); *Matter of Wash. State Bar Ass'n*, 86 Wash.2d 624, 632 (1976) (en banc); *see also Eugster v. Washington State Bar Ass'n*, 2015 WL 5175722, at *1 (W.D. Wash. Sept. 3, 2015). Therefore, Plaintiff's Motion to Disbar is denied. Should Plaintiff seek to pursue issues regarding his representation from his previous counsel any further, Plaintiff is recommended to contact the Washington State Bar Association.

### B. Motion to Strike Responsive Brief

On August 11, 2021, Plaintiff filed his Motion to Strike Responsive Brief. (Dkt. # 26.) Plaintiff's Motion requests that the Court strike Defendant's responsive brief (dkt. # 14) due to Defendant's counsel's alleged failure to file a petition for conditional admission to practice in this Court. (Dkt. # 26 at 2-3.) Plaintiff further argues that the Court's attorney admission clerk failed to provide him material evidence of Defendant's counsel's conditional admission in this Court and that Defendant's counsel has also failed to establish proof of his admission. (*Id.* at 4; *see* dkt. # 38 at 1, 3.) As a result, Plaintiff requests that, pursuant to Federal Rule of Civil Procedure 12(f), Defendant's responsive brief in the instant matter should be stricken. (Dkt. # 26 at 4.) In addition, Plaintiff argues that Defendant's counsel has "illegally appeared" in 149 cases in this Court based on his alleged failure to file for a conditional admission and requests that each of those cases be redone and that the Court consider reprimanding or terminating the Court's attorney admission clerk. (*Id.* at 4-5.)

1    Defendant's counsel responds that Plaintiff has not identified any legal authority or rule
2    requiring Defendant or the Court to provide him with documentation of any attorney's
3    conditional admission. (Dkt. # 37 at 1.) Nevertheless, Defendant's counsel argues that Plaintiff's
4    argument is without merit because he has been conditionally admitted to practice before the
5    Court since August 11, 2015, and Plaintiff has otherwise failed to offer any evidence
6    demonstrating otherwise. (*Id.* at 1-2.) Defendant's counsel further argues that because Plaintiff
7    has not pointed to any legal authority allowing him to strike filings in cases that he is not a party
8    to, the Court should additionally reject such requests. (*Id.* at 2.)

9    Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any
10   redundant, immaterial, impertinent or scandalous matter." "The function of a [Rule] 12(f) motion
11   to strike is to avoid the expenditure of time and money that must arise from litigating spurious
12   issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618
13   F.3d 970, 973 (9th Cir. 2010) (citations omitted). Motions to strike are not favored and "should
14   not be granted unless it is clear that the matter to be stricken could have no possible bearing on
15   the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc.*, 758 F.Supp.1335, 1339
16   (N.D. Cal. 1991).

17   Here, Plaintiff fails to demonstrate, or otherwise argue, that Defendant's responsive brief
18   contains an insufficient defense or any redundant, immaterial, impertinent or scandalous matter
19   requiring that it be stricken under Rule 12(f). (*See* dkt. # 26 at 3-5.) Plaintiff has also failed to
20   offer evidence that Defendant's counsel is not conditionally admitted to practice in this Court.
21   Consequently, Plaintiff's Motion to Strike Responsive Brief is denied.

22       \\
23       \\

ORDER - 4

### C. Motion to Supplement

On August 15, 2021, Plaintiff filed his Motion to Supplement. (Dkt. ## 27-28.) Plaintiff argues his previous counsel omitted several of his disabilities and argument as to the severity of his disabilities and that this requires supplementation of his complaint and opening brief. (Dkt. # 27 at 2.) Plaintiff requests that the parties' current briefing remain on the docket, but that the parties be allowed to supplement the briefing by an additional 20 pages each.[1] (*Id.* at 2-3.) In addition, Plaintiff seeks relief from the Court's previous reply brief deadline of July 2, 2021, and the Court's August 20, 2021, deadline for amended pleadings. (*Id.* at 3.) Defendant did not file a response to Plaintiff's request.

Because Plaintiff submitted his supplement to his complaint (dkt. # 34) prior to the Court's August 20, 2021 deadline for amended pleadings, Plaintiff's supplement to his complaint (dkt. # 34) is accepted as Plaintiff's amended complaint pursuant to the Court's previous instruction. However, in an effort to streamline this matter, the Court finds that striking the parties' previous briefing and resetting the briefing schedule is appropriate to allow Plaintiff to brief his additional arguments while providing Defendant an opportunity to respond to Plaintiff's amended pleading. Therefore, Plaintiff's Motion to Supplement is denied.

### D. Motion to Strike ALJ's Decision

On August 20, 2021, Plaintiff filed his Motion to Strike ALJ's Decision. (Dkt. # 36.) Plaintiff's Motion to Strike ALJ's Decision requests that the ALJ's decision be stricken, and that this case be immediately remanded, pursuant to Rule 12(f). (*Id.* at 1-2.) Plaintiff submits that the ALJ in his case was not appointed properly under Article II, Section 2, Clause 2 of the United States Constitution ("the Appointments Clause"), pursuant to *Lucia v. S.E.C.*, 138 S.Ct. 2044

---

[1] On August 20, 2021, Plaintiff submitted proposed supplements to both his complaint and his opening brief. (Dkt. ## 34-35.)

ORDER - 5

(2018). (*Id.* at 2-4.) As a result, Plaintiff argues that the ALJ lacked jurisdiction over his case. (*Id.* at 4.)

Here, the Court finds that Rule 12(f) is an inappropriate vehicle to strike the ALJ's decision. As previously noted above, Rule 12(f) allows the Court to strike pleadings that contain an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. Because the ALJ's decision in this matter is not a pleading, Rule 12(f) is inapplicable. In any event, the Court declines to strike the ALJ's decision on the merits of Plaintiff's Appointments Clause argument at this juncture. Plaintiff has submitted this issue in his amended pleadings and the Court will consider this issue after the conclusion of the parties' briefing.

### III.    CONCLUSION

The Court ORDERS that Plaintiff's Motions (dkt. # 24, 26-27, 36) are DENIED. The Court further ORDERS that Plaintiff's Opening Brief (dkt. # 13) and Defendant's Responsive Brief (dkt. # 14) are both STRICKEN. The Court's previous Scheduling Order (dkt. # 12) in this matter shall be amended as follows: (1) Plaintiff shall have up to and including **September 27, 2021**, to file Plaintiff's Opening Brief, **limited to 18 pages**; (2) Defendant shall have up to and including **October 25, 2021**, to file Defendant's Response Brief, **limited to 18 pages**; and (3) Plaintiff shall have up to and including **November 8, 2021**, to file Plaintiff's Reply Brief, **limited to 9 pages**.

Dated this 30th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge