1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8    DANIEL GLEN SZMANIA ,

9                              Plaintiff,                    Case No. C20-6228-MLP

10          v.                                              ORDER

11   COMMISSIONER OF SOCIAL
     SECURITY,

12
                               Defendant.
13

14

15          This matter is before the Court on Plaintiff's "Motion to Compel Defendant's Production

16   of Documents & Contempt & Expenses." ("Pl.'s Mot." (dkt. # 42).) Plaintiff, who is proceeding

17   *pro se*, states he served the Commissioner with two subpoenas on August 16, 2021, which he

18   also filed on the docket in this case. (*Id.* at 2; "Subpoenas" (dkt. ## 33, 33-1).) One subpoena,

19   issued to the "Social Se[c]urity Administration – Appeals Council," seeks: "(1) The complete

20   copy of the Appeals Council case file on [Plaintiff.] (2) Any and all judic[i]al or clerical working

21   papers of notes regarding [Plaintiff.] (3) Any other documents or evidence the Appeals Council

22   has in [its] possession regarding the case of [Plaintiff.]" (Dkt. # 33.) The other subpoena, issued

23   to the "Social Se[c]urity Administration," seeks "[c]opies of any and all communications with

ORDER - 1

1    the Veterans Administration regarding [Plaintiff.]" (Dkt. # 33-1.) Plaintiff states the

2    Commissioner has not responded to the Subpoenas. (Pl.'s Mot at 2.)

3        Plaintiff requests the Court order the Commissioner to comply with the Subpoenas, or be

4    found in contempt and required to pay Plaintiff $750.00 in expenses for bringing the motion.

5    (Pl.'s Mot. at 3.) Plaintiff has not, however, identified any authority for the Court to do so. In a

6    Social Security disability appeal such as this, the Court is ordinarily limited to considering only

7    the parties' pleadings and the administrative record. *See* 42 U.S.C. § 405(g) ("The court shall

8    have power to enter, upon the pleadings and transcript of the record, a judgment affirming,

9    modifying, or reversing the decision of the Commissioner of Social Security, with or without

10   remanding the cause for a rehearing."); *see also Brown v. Sullivan*, 916 F.2d 492, 494 (9th Cir.

11   1990) (stating that "discovery is not ordinarily available in social security matters"), *Higbee v.*

12   *Sullivan*, 975 F.2d 558, 561-62 (9th Cir. 1992) ("a reviewing court may consider only the

13   Secretary's final decision, the evidence in the administrative transcript on which the decision was

14   based, and the pleadings."). The administrative record has already been filed in this case and is

15   available to Plaintiff. (*See* Dkt. # 11.) Any information the Commissioner might produce in

16   response to the Subpoenas would not be reviewable by this Court. *See Russell v. Bowen*, 856

17   F.2d 81, 84 (9th Cir. 1988) ("A staff member's summary of facts, analysis and recommendation

18   is not judicially reviewable under 42 U.S.C. § 405(g).").

19       Accordingly, the Court DENIES Plaintiff's motion to compel. (Dkt. # 42.)

20       Dated this 2nd day of November, 2021.

21

22   _____
     MICHELLE L. PETERSON
     United States Magistrate Judge

23

ORDER - 2