UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL GLEN SZMANIA,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No. C20-6228-MLP<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration ("Plaintiff's Motion") of this Court's previous order (dkt. # 43) denying his motion to compel. (Dkt. # 45.) Plaintiff's Motion argues that reconsideration is appropriate because new facts demonstrate that an unnamed individual at the Department of Veterans Affairs ("VA") changed his peripheral vertigo and Type II diabetes diagnoses dates. (*Id.* at 3.) Plaintiff further contends that he is entitled to his requested discovery "no matter if it is allowed to be viewed by this Court or not" and that "it does NOT matter if the documents can be used in this case or not before this Court[.]" (*Id.* at 3-4.)

Under Local Rule 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts

ORDER - 1

or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h)(1).

Here, Plaintiff has failed to demonstrate manifest error in the Court's prior ruling nor presented new facts or legal authority which could not have been brought to the Court's attention earlier through reasonable diligence. Plaintiff's cited new facts evidence comes from an April 2019 VA Problem List (dkt. # 45-2) and a July 2021 VA Problem List (dkt. # 45-3). Plaintiff's Motion does not indicate that he recently received these documents or otherwise provide any explanation for his failure to cite to this evidence in support of his motion to compel. As such, the arguments and evidence presented in Plaintiff's Motion could have been brought to the Court's attention earlier through reasonable diligence. *See* LCR 7(h)(1).

In any event, Plaintiff's allegations regarding whether the diagnoses dates were changed for his peripheral vertigo and Type II diabetes fails to demonstrate manifest error in the Court's prior ruling or identify authority demonstrating Plaintiff is entitled to discovery in this case. This case concerns Plaintiff's appeal of a Social Security disability determination made in July 2020 (*see* dkt. # 11 at 19-31); any change in diagnoses dates made by the VA in July 2021 is not relevant.

Plaintiff has not made either of the showings required by LCR 7(h)(1). Accordingly, Plaintiff's Motion (dkt. # 45) is DENIED. The Clerk is directed to send copies of this Order to the parties.

Dated this 17th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2