UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-6228-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff, proceeding *pro se*, seeks review of the denial of his application for Disability Insurance Benefits ("DIB"). Plaintiff argues that this case must be remanded because the administrative law judge ("ALJ") was not properly appointed at the time he heard and decided this case. (Dkt. # 40 at 1-2.) Plaintiff additionally contends the ALJ erred by: (1) failing to sufficiently develop the record; (2) failing to find him disabled based on the ALJ's finding at step one that he did not engage in substantial gainful activity during the adjudicated period; (3) finding at step two that Plaintiff's medically determinable impairments were not severe during the adjudicated period; and (4) declining to proceed to step three when the ALJ found, at step

ORDER - 1

two, that Plaintiff did not have any severe impairments. (*Id.* at 2, 4.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1965 and has previously worked as a medic in the Navy and a product distributor for a multi-level marketing organization. AR at 24, 334. Plaintiff was last gainfully employed in 2005. *Id.* at 21, 24. On November 22, 2016, Plaintiff applied for benefits, alleging disability as of February 28, 2006. *Id.* at 19. Plaintiff's application was denied initially on May 12, 2017, and on reconsideration on November 9, 2017, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing on July 7, 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 19-31.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the adjudicated period from his alleged onset date of February 28, 2006, through his date last insured ("DLI") of June 30, 2011. AR at 21. At step two, the ALJ found that Plaintiff had no severe medically determinable impairments during the adjudicated period. *Id.* at 21-22. The ALJ noted that Plaintiff's medically determinable impairments included: (1) Type II diabetes, (2) hypertension; (3) hyperlipidemia; (4) mild grade 1 cervical subluxation and retrolisthesis; (5) sinusitis; (6) obesity; and (7) post-traumatic stress disorder ("PTSD"). *Id.* Due to his conclusion that Plaintiff did not have any severe impairments from his alleged onset date through his DLI, the ALJ determined that Plaintiff was not disabled. *Id.* at 30-31. The ALJ did not proceed to any further steps in the sequential evaluation process.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.    The ALJ was Properly Appointed**

Plaintiff first argues this case must be remanded because the ALJ was not properly appointed under Article II, Section 2, Clause 2 of the United States Constitution, pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044. (Dkt. # 40 at 1-2; *see also* dkt. # 36 at 2-4.) Plaintiff argues the ALJ failed to provide any proof of the ratification of his appointment, and therefore, lacks

jurisdiction over his case.[1] (Dkt. # 40 at 1-2.) Defendant counters that the ALJ was properly appointed at the time of Plaintiff's administrative proceedings. (Dkt. # 41 at 3-4.)

As acknowledged by the ALJ's decision (AR at 19, 31), the ALJ who adjudicated Plaintiff's claim at the time of his July 7, 2020 hearing, and the July 17, 2020 decision, held office under an appointment legally ratified in July 2018 by Acting Commissioner Nancy Berryhill. *See* Social Security Ruling ("SSR") 19-1p, 2019 WL 1324866, at *2 (Mar. 15, 2019); 84 Fed. Reg. 9582-84 (March 15, 2019). The Commissioner's ratification of the ALJ was prior to Plaintiff's administrative proceedings at issue in this appeal, and thus, the ALJ in his case was properly appointed.

### B. The ALJ Did Not Err by Failing to Fully Develop the Record

Plaintiff next argues that the administrative record is missing several records. (Dkt. # 40 at 2, 5.) Specifically, Plaintiff contends that the administrative record omits: (1) a March 18, 2021 Freedom of Information Act Request to the Appeals Council; (2) a December 20, 2020 declaration from Stephanie Pierce; (3) a September 23, 2020 audiogram; (4) an April 15, 2020 "critical case flag"; (5) a hardship letter from Dr. Cynthia Parker; and (6) an April 15, 2019 letter and medical records exhibits. (*Id.*) Plaintiff argues the case needs to be remanded "for addition & verify files." (*Id.* at 2.) Defendant counters the ALJ sufficiently developed the record because the ALJ allowed Plaintiff to submit documents post-hearing for consideration and because Plaintiff otherwise fails to meet his burden to demonstrate any of the alleged omissions from the record affected his substantial rights. (Dkt. # 41 at 4-5.)

---

[1] Plaintiff additionally alleges that the ALJ has one of the worst approval rates nationwide. (Dkt. # 40 at 1-2.) "ALJs and other similar quasijudicial administrative officers are presumed to be unbiased." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001). Plaintiff has failed to cite any authority that authorizes this Court to find that the ALJ was improperly appointed, or otherwise overturn the ALJ's decision, based on his approval rates.

ORDER - 4

An ALJ has an independent "duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *see also* 20 C.F.R. § 404.1512(b). The ALJ's duty to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). The ALJ may discharge this duty in several ways, including: subpoenaing claimant's physicians, submitting questions to claimant's physicians, continuing the hearing, or by keeping the record open after the hearing to allow for supplementation of the record. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998); *Smolen*, 80 F.3d at 1288.

Here, Plaintiff fails to demonstrate the record was inadequate to allow the ALJ to make a disability determination. Plaintiff does not identify how his cited evidence, or any further examination, was necessary to adjudicate his disability status. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (the burden is on the party claiming error to demonstrate the error and that the error was harmful). Moreover, the record available to the ALJ at the time of the hearing contained extensive treatment notes regarding Plaintiff's impairments during the adjudicated period up until the July 2020 hearing (AR at 87-1494). S*ee Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding ALJ had no duty to further develop the record where the ALJ had "years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision"). The ALJ's decision also noted that Plaintiff had submitted, or informed the ALJ, about all written evidence at least five business days before the hearing date, and at the hearing, the ALJ allowed for a post-hearing submission of additional documents before rendering his decision. *See* AR at 19, 85-86, 861-74.

ORDER - 5

Accordingly, the ALJ's duty to develop the record was not triggered as Plaintiff has failed to demonstrate that the record was ambiguous or inadequate to determine Plaintiff's disability status. The ALJ did not err by failing to develop the record.

### C. The ALJ Did Not Err at Step One

Plaintiff next argues that, because the ALJ found at step one that he did not engage in substantial gainful activity during the adjudicated period, he should have been found disabled at step one. (Dkt. # 40 at 5-6.) Defendant argues that the ALJ appropriately moved to step two after determining that Plaintiff did not engage in substantial gainful activity during the adjudicated period. (Dkt. # 41 at 5-6.)

Plaintiff's argument misinterprets the effect of the step one determination. A step one finding cannot result in a finding of disability. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments."). Here, the ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the adjudicated period. AR at 21. The ALJ then proceeded to the step two analysis to determine whether Plaintiff had any medical impairments that were severe. *Id.* The ALJ's step one determination that Plaintiff did not engage in substantial gainful activity during the adjudicated period merely allowed the ALJ to continue in the sequential evaluation. Plaintiff additionally appears to concede that the ALJ did not err at step one on reply. (*See* dkt. # 44 at 2.) Therefore, the ALJ did not err at step one in proceeding to step two.

ORDER - 6

### D. The ALJ Did Not Err at Step Two in Evaluating the Severity of Plaintiff's Conditions

Plaintiff argues that the ALJ erred in finding his impairments non-severe at step two because, *inter alia*, the step two analysis is a "de minimis" inquiry, and the ALJ failed to appropriately consider the evidence regarding the severity and combined effects of all of his impairments. (Dkt. # 40 at 3-4, 6-8, 11-18.) Defendant argues that the ALJ reasonably found that Plaintiff failed to demonstrate that he had any severe impairments during the adjudicated period. (Dkt. # 41 at 6-15.)

At step two, an ALJ must determine whether a claimant has at least one severe medically determinable impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Impairments are severe if they "significantly limit" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting SSR 85-28). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)).

In order to be eligible for DIB, a claimant must establish disability on or before his or her DLI. 20 C.F.R. §§ 404.131, 404.321. Medical opinions that post-date the DLI may nonetheless be relevant to determining whether a claimant was disabled before the DLI and cannot be disregarded solely because they post-date the DLI. *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th

ORDER - 7

Cir. 1988). However, post-DLI opinions may be properly discounted where the opinion does not have retrospective applicability or is inconsistent with the medical evidence dating to the adjudicated period. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence).

Based on the record before the Court, and for the reasons explained below, the Court finds that the ALJ reasonably determined Plaintiff failed to meet his burden to demonstrate any of his impairments were severe during the adjudicated period:

> i. PTSD

Plaintiff first argues that the ALJ erred in not finding his PTSD severe at step two due to findings from some of his medical providers. (Dkt. # 40 at 8, 12.) Specifically, Plaintiff cites to: (1) an October 2016 record where Camden Schobert, Psy.D., opined Plaintiff's PTSD caused him occupational and social "impairment with reduced reliability and productivity" (AR at 887, 896); (2) an April 2017 record where Gary Sacks, Ph.D., opined that PTSD caused Plaintiff work limitations (AR at 926-29); and (3) a June 2018 record where Cynthia Parker, Ph.D., opined that Plaintiff had difficulties due to mental health conditions (AR at 1445, 1453).

On this issue, the ALJ found that, save for a single self-report of PTSD symptoms in January 2007 (AR at 1072), Plaintiff either denied or did not complain of PTSD symptoms during the adjudicated period. AR at 23-24. The ALJ found that no treating or examining provider offered an opinion about Plaintiff's mental functioning during the adjudicated period. *Id.* at 29. The ALJ considered the opinions of Drs. Schobert, Sacks, and Parker, but assessed each of them little weight because they post-dated Plaintiff's adjudicated period by more than five years from his DLI and were otherwise inconsistent with the medical evidence in the record from the adjudicated period. *Id.* (citing *id.* at 1030-31, 1059-60, 1066).

ORDER - 8

Here, the ALJ properly found Plaintiff's PTSD was not severe. As noted by the ALJ, Plaintiff's cited evidence all significantly post-dates his adjudicated period and is inconsistent with the medical evidence from his adjudicated period. The record during Plaintiff's adjudicated period demonstrates only a sole instance where Plaintiff complained of PTSD symptoms (AR at 24, 1072). The treatment provider's findings from that appointment found that Plaintiff did not suffer from any neurological or psychological impairments and that he did not have any abnormal mental health signs as he was pleasant, alert, and in no acute distress. *See id.* at 1074. Plaintiff's other mental health examinations performed during the adjudicated period also routinely demonstrated normal mental status findings. *See id.* at 24, 1066 (noting that Plaintiff scored zero in PTSD screening in January 2008), 1059-60 (no complaints of PTSD symptoms during August 2008 visit), 1030-31(normal metal health findings during January 2011 screening). As such, the ALJ properly afforded Drs. Schobert, Sacks, and Parker's medical opinions little weight because they were inconsistent with evidence in the record from Plaintiff's adjudicated period. *See Johnson*, 60 F.3d at 1433; *Ford*, 950 F.3d at 1156 (upholding rejection of doctor's opinion that was inconsistent with objective evidence in the record). Therefore, the ALJ did not err in finding Plaintiff's PTSD was not a severe impairment.

    ii.  Diabetes

Next, Plaintiff argues that the ALJ erred in assessing his diabetes at step two because State agency consultant JD Fitterer, M.D., found that his diabetes was severe. (Dkt. # 40 at 8 (citing AR at 90, 97-98).) Plaintiff additionally cites to his hearing testimony describing his functional limitations due to his diabetes. (*Id.* at 10 (citing AR at 79-81).)

In his decision, the ALJ found that Plaintiff's diabetes was not a severe impairment during the adjudicated period. AR at 25-26. The ALJ noted that though Plaintiff reported a

ORDER - 9

1   history of hyperglycemia since 1998, Plaintiff's diabetic examinations were normal,

2   demonstrated no signs of diabetic retinopathy or foot problems, and that his diabetes was "well

3   controlled" and without complication. *Id.* at 26 (citing *id.* at 1058, 1071, 1146, 1382-83).

4     Here, based on the record, the ALJ reasonably found Plaintiff's diabetes was not a severe

5   impairment. Despite Plaintiff's citation to Dr. Fitterer's opinion regarding the severity of his

6   diabetes, Dr. Fitterer ultimately opined there was "insufficient evidence at [the DLI] of 6/30/11

7   regarding all of [Plaintiff's] allegations." AR at 97. In any event, the ALJ gave Dr. Fitterer's

8   opinion some weight because it did not "express an actual functional opinion—merely lack of

9   evidence." *Id.* at 28. Because Dr. Fitterer's opinion did not consider any functional limitations,

10  the ALJ appropriately afforded it little weight in considering the severity of Plaintiff's diabetes.

11  *See Ford*, 950 F.3d at 1156 ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's

12  ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to

13  specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these

14  characterizations were inadequate for determining RFC.").

15    As to Plaintiff's testimony regarding functional limitations due to his diabetes, the ALJ

16  found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of his

17  impairments was not consistent with the medical record. AR at 23. Absent evidence of

18  malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing.

19  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). An ALJ may reject a claimant's

20  symptom testimony when it is contradicted by the medical evidence, but not when it merely

21  lacks support in the medical evidence. *See, e.g., Carmickle v. Comm'r of Social Sec. Admin.*, 533

22  F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for

23  rejecting the claimant's subjective testimony."). As discussed above, the ALJ noted that medical

ORDER - 10

reports regarding Plaintiff's diabetes from the adjudicated period demonstrated no functional issues or complications. *See* AR at 1058, 1071, 1146, 1382-83. Plaintiff has not demonstrated that the ALJ erred in considering the degree to which the objective evidence contradicted his allegations during the adjudicated period. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Consequently, the ALJ did not err in finding that Plaintiff's diabetes was not a severe impairment.

                *iii.*    *Sinusitis*

Plaintiff argues that he was diagnosed with chronic frontal sinusitis when he was in the Navy, and therefore, satisfied the "12-month requirement." (*See* dkt. # 40 at 6.) Per the ALJ's decision, the ALJ found Plaintiff's sinusitis was not severe during the adjudicated period because despite "ongoing mentions of sinusitis and medication for it, the record does not reflect dizziness or sinus pain complaints during the adjudicated period, and head exams were normal." AR at 26-27. The ALJ additionally noted that Plaintiff demonstrated a history of sinusitis since 1988 but had been able to engage in substantial gainful activity prior to 2006. *Id.* at 27.

Here, the Court fails to discern an issue regarding Plaintiff's sinusitis under the "12-month requirement" as the ALJ clearly considered the impairment in his decision. *See* AR at 21-22. In any event, nothing in the record before the Court demonstrates that Plaintiff's sinusitis should have been found severe. *See id.* at 1382 (Plaintiff presented as pleasant, alert, and in no distress in March 2006 exam); 1074 (Plaintiff's head, ears, eyes, nose, and throat demonstrated normal findings in January 2007 exam); 1038-39 (Plaintiff's allergy medications were continued but he did not report any functional limitations or pain associated with sinusitis in January 2010

ORDER - 11

exam). The ALJ's finding that Plaintiff's sinusitis was not a severe impairment during the adjudicated period is supported by substantial evidence.

### iv. Additional Impairments

Finally, Plaintiff argues that the remainder of his impairments, and their combined effects, should have been found severe at step two. (Dkt. # 40 at 2-3, 6.) Plaintiff's additional medically determinable impairments considered by the ALJ include: (1) hypertension; (2) hyperlipidemia; (3) mild grade 1 cervical subluxation and retrolisthesis; and (4) obesity. AR at 21-22. In addition to those impairments, Plaintiff argues the ALJ omitted or failed to adequately consider his: (1) obsessive-compulsive disorder ("OCD"); (2) tinnitus bilateral; (3) hearing loss bilateral; (4) Meniere's Syndrome with vertigo; (5) sleep apnea; (6) erectile dysfunction; and (7) vitamin D deficiency. (Dkt. # 40 at 2-3.) Defendant argues that the ALJ appropriately found Plaintiff's other impairments either not severe or not diagnosed during the adjudicated period. (Dkt. # 41 at 13-15.)

On this issue, the ALJ found that the Plaintiff's additional impairments, or combination of impairments, were either not severe or were not diagnosed during the adjudicated period. AR at 23-28. The ALJ found that Plaintiff's hypertension, hyperlipidemia, cervical subluxation and retrolisthesis, and obesity were all not severe impairments because Plaintiff's treatment notes demonstrated benign physical exams and no significant chronic complaints during the adjudicated period. *Id.* at 26-27. As to Plaintiff's OCD, hearing loss, tinnitus, sleep apnea, and Meniere's Syndrome, the ALJ found that these impairments all post-dated Plaintiff's adjudicated period and that the record did not reflect treatment or diagnosis during the adjudicated period. *Id.* at 25, 27. Specifically, the ALJ noted that Plaintiff's OCD did not show in the record until April 2016 (*id.* at 1003), Plaintiff's tinnitus was not complained of until March 2016 (*id.* at 1000-01),

ORDER - 12

Plaintiff's sleep apnea was not diagnosed until January 2017 (*id.* at 1427), and symptoms related to Plaintiff's Meniere's Syndrome were not complained of until 2017 (*id.* at 1250). Plaintiff's erectile dysfunction and vitamin D deficiency were not considered by the ALJ as medically determinable impairments. *See id.* at 21-22.

Here, Plaintiff fails to demonstrate or otherwise provide substantive argument that the ALJ erred in finding his additional impairments were either not severe or not diagnosed during the adjudicated period. Plaintiff merely points to other evidence in the record he claims demonstrates his additional impairments were severe (*see* dkt. # 40 at 2-3, 6, 9-17), but fails to offer any explanation how his cited evidence demonstrates the ALJ erred in assessing the severity of his additional limitations. Though Plaintiff proposes an alternative interpretation of the evidence, the Court finds the ALJ's interpretation is rational in light of the record. *Burch*, 400 F.3d at 680-81 (finding where the evidence is susceptible to more than one rational interpretation, the Commissioner's interpretation must be upheld). Furthermore, the ALJ's decision noted the record failed to evince more than minimal limitations related to any of Plaintiff's physical impairments in combination (AR at 25), and that Plaintiff's PTSD and OCD during the adjudicated period caused him no more than mild limitation in functioning. *Id.* Consequently, the ALJ did not err in considering Plaintiff's additional impairments, or their combined effect, at step two.

### E.      The ALJ Did Not Err at Step Three

Plaintiff argues that the ALJ erred at step three because six of his impairments met the listings. (Dkt. # 40 at 8-9.) Defendant argues that because the ALJ found Plaintiff not disabled at step two, the ALJ was not required to continue to step three. (*Id.* at 15-16.)

On this issue, the ALJ declined to proceed to step three after finding Plaintiff's impairments were not severe at step two. AR at 30. Pursuant to the regulations, at step two, if a claimant does "not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that [the claimant is] not disabled." 20 C.F.R. § 404.1520(a)(4)(ii). As previously considered above, based on the ALJ's determination that Plaintiff did not have any severe impairments during the adjudicated period, the ALJ reasonably found him not disabled at step two. *See* 20 C.F.R. § 404.1520(d). Because Plaintiff's impairments were found not severe at step two, the ALJ was not required to proceed to step three or analyze whether Plaintiff's impairments met the criteria for a listing.

In conclusion, because substantial evidence supports the ALJ's assessment of the evidence regarding Plaintiff's impairments, as previously explained above, the ALJ's decision should be affirmed.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 30th day of November, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge